UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

---

LINDA A. HAMPTON and
SANDRA H. COLE                                                          PLAINTIFFS


V.                                                                      CASE NO. 1:05CV97


WINSTON COUNTY, MISSISSIPPI, WINSTON COUNTY
JUSTICE COURT JUDGE ROBERT BECK, IN HIS
OFFICIAL CAPACITY AND WINSTON COUNTY
PROSECUTOR JAMES MAYO, IN HIS OFFICIAL
CAPACITY AND INDIVIDUALLY
                                                                        DEFENDANT

---

### ORDER

This cause comes before the court upon the motion of defendants for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiffs have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This is a 42 U.S.C. § 1983 and § 1985 action filed by plaintiffs arising out of the defendant judge and prosecutor's refusal to pursue criminal charges filed by plaintiffs. On February 1, 2005, plaintiff Sandra H. Cole, who is African-American, filed an affidavit alleging assault by her white co-worker at Louisville High School, Chastity Wells. Defendant James Mayo, Prosecutor of Winston County, did not pursue charges against Wells and contends that he declined to do so because he found no merit to the charges. On April 4, 2005, plaintiff Hampton, the attorney for Ms. Cole, filed general affidavits charging Winston County Circuit

1

Judge Vernon Cotton and his Court Reporter Remigio Segura with alteration of records, perjury, and conspiracy arising out of an underlying case in which Hampton had been jailed for criminal contempt.

Defendant Robert Beck, in his capacity as Winston County Justice Court Judge refused to issue arrest warrants for Judge Cotton and his court reporter and asserts in an affidavit that he refused to do so because there was insufficient evidence that a crime had been committed. On April 11, 2005, plaintiffs filed the instant action against Prosecutor Mayo and Judge Beck, alleging that defendants' refusal to pursue the charges filed by plaintiffs were motivated by race discrimination. Defendants have filed motions for summary judgment, arguing that there exist no genuine issues of material fact regarding plaintiffs' right to recover against them on any theory.

In the court's view, plaintiffs' claims against defendants fail on multiple levels.

Plaintiffs seek to hold defendants liable for their failure to prosecute and/or issue warrants against certain white individuals against whom plaintiffs had filed complaints. However, the U.S. Supreme Court has consistently held that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted or threatened with prosecution.[1] See *Younger v. Harris*, 401 U.S. 37, 42 (1971); *Bailey v. Patterson*, 369 U.S. 31, 33 (1962); *Poe v. Ullman*, 367 U.S. 497, 501 (1961). District courts have similarly held that there is no federal constitutional right to have wrongdoers prosecuted, or "brought to justice." *See Johnson v. Kraft*,

---

[1] Plaintiffs attempt to couch this issue solely in terms of standing and assert that defendants waived their arguments in this regard. However, the authority cited *infra* clearly issues that plaintiffs did not suffer a Constitutional violation in this case, quite apart from the issue of standing.

673 F. Supp. 191, 193 (S.D. Miss. 1987) ("The decision to prosecute a particular crime is within the authority of the state and there appears to be no federal constitutional right to have criminal wrongdoers brought to justice."). *See also Searcy v. Ada County*, 2006 WL 1382207, (D. Idaho 2006)(same).

It is true that the attorney Hampton was prosecuted and convicted of contempt of court. However, she alleges discriminatory non-prosecution of totally unrelated charges of assault against a teacher and of "alteration of records, perjury, and conspiracy" against Judge Cotton and his court reporter.[2] It is clear that plaintiffs are asserting a non-existent Constitutional right to have individuals prosecuted. 42 U.S.C. § 1983 does not create Constitutional rights, but merely provides a means for recovering damages in cases where such Constitutional rights or federal laws have been violated. No such rights have been violated in this case.[3] Plaintiffs repeatedly argue that *state* law, in particular Miss. Code Ann.§ 99-3-28, was violated when defendant Mayo refused to forward Cole's complaint to a circuit judge, as plaintiffs allege the statute requires. Regardless of the merits of this allegation, § 99-3-28 does not constitute a basis for imposing liability under § 1983. Moreover, even if plaintiffs had properly asserted the violation of a Constitutional right or federal law, they would still have failed to establish genuine fact issues as to whether the alleged misconduct in this case was the result of a municipal policy or custom as required by *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978).

---

[2]The court does not suggest that plaintiffs would have a claim if Hampton had been prosecuted for an offense similar to one or more of the offenses reported by plaintiffs.

[3]Plaintiff does not specifically address the nature of her 42 U.S.C. § 1985 claims, either in her complaint or in her brief in opposition to summary judgment. Following a review of the statute, the court concludes that it does not provide an arguable basis for recovery under the facts of this case.

Plaintiffs' arguments regarding an alleged Winston County policy not to prosecute white criminals is based upon very scant evidence. Plaintiffs argue in their brief that:

> Plaintiff Hampton is a black woman who was prosecuted and convicted by Winston County for not attending a hearing. Mr. Gary Goodwin is a white man who did not attend a hearing. Winston County did nothing to the white man. Ms. Chasity Wells is a white woman who hit a black woman in the head. Winston County did nothing to the white woman.

Plaintiffs thus base their allegations of discriminatory prosecution upon an instance in which, they allege, a black woman (Hampton) was prosecuted while a white person (Goodwin) was not. While this evidence appears flimsy at best, defendant notes that the Mississippi Supreme Court, in an order affirming Hampton's conviction for criminal contempt, concluded that "Hampton's counsel opposite (Goodwin) was present and accounted for on the morning of August 27" but that "Hampton could not be located." *In re Hampton*, 919 So.2d 949, 959 (Miss. 2006). It thus seems clear that Hampton is unable to establish any evidence at all in support of her claims, much less sufficient evidence to establish fact issues as to whether Winston County has a policy or custom against prosecuting white individuals.

Moreover, as to the claims against Judge Beck, the Fifth Circuit has held that a municipal judge acting in his or her judicial capacity to enforce state law does not act as a municipal official or lawmaker. *See Bigford v. Taylor*, 834 F.2d 1213, 1221-22 (5th Cir. 1988). Accordingly, the actions of Judge Beck, as a justice court judge, do not bind Winston County for § 1983 purposes. As the plaintiffs do not assert claims against Judge Beck individually, the court need not analyze the doctrine of absolute immunity as to this defendant.

Plaintiffs do assert claims against the prosecutor Mayo individually, but defendants argue that Mayo enjoys absolute immunity in this case. A county prosecutor or district attorney is

4

shielded by absolute immunity for claims arising under § 1983 for "actions taken as part of his prosecutorial function in initiating charges" or the decision not to file charges. *Chrissy F. v. Mississippi Dep't of Public Welfare*, 925 F.2d 844, 850 (5th Cir. 1991). The doctrine of absolute immunity may not apply to investigatory actions, *see Buckley v. Fitzsimmons*, 509 U.S. 259, 274-276, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993), and plaintiffs argue that they seek to hold Mayo individually liable based upon his acts as an investigator, rather than based upon his decision as a prosecutor not to prosecute. However, defendants have presented affidavits and other evidence which establish that this investigation was conducted by Larry Hughes, Security Officer for the Louisville School District. Moreover, plaintiffs' complaint clearly indicates that their allegations against Mayo relate to his actions in deciding not to prosecute the teacher against whom plaintiffs sought to bring charges. Accordingly, any role which Mayo may have had in the investigation was merely incidental and does not relate to the gravamen of the allegations in the complaint against him. The court therefore concludes that the doctrine of absolute immunity applies to the claims against Mayo in his individual capacity.[4]

In light of plaintiffs' failure to produce evidence supporting their claims and their absence of a Constitutional or federal law right to have other individuals prosecuted, the court will likewise dismiss their claims seeking injunctive and/or declaratory relief. The only allegation raised by plaintiffs which even arguably has merit is their argument that defendant Mayo violated Miss. Code Ann. § 99-3-28 when he refused to forward plaintiffs' complaint to a circuit judge for a probable cause hearing. This statute does not appear to have been interpreted by Mississippi

---

[4]Even if the doctrine of absolute immunity were somehow inapplicable, the court would nevertheless conclude that Mayo enjoys qualified immunity, for the reasons stated in defendants' brief in support of summary judgment.

state courts, and the parties disagree as to whether the statute removes any discretion on the part of a prosecutor to forward criminal charges against a teacher to a circuit judge. Even assuming that the statute does serve to remove such discretion, it remains uncertain whether any alleged violation of the statute by a prosecutor might give rise to a civil action against that prosecutor, and if so, under what circumstances. Having dismissed plaintiffs' federal claims, the court concludes that this issue of statutory interpretation and public policy is best left for Mississippi state courts to consider.[5] The court therefore declines to exercise supplemental jurisdiction over any such § 99-3-28 claims pursuant to 28 U.S.C. § 1367(c).

In the court's view, the only difficult issue in this case is whether plaintiffs should be sanctioned for filing a frivolous complaint. While the court concludes that this action fails legally on multiple levels, a review of plaintiffs' responses leads this court to give plaintiffs the benefit of the doubt that this action was not brought for harassment or other such improper purposes. In so concluding, the court notes that plaintiffs have addressed the arguments raised by defendants in a diligent manner. While the plaintiffs' arguments are certainly not persuasive to this court, the court concludes that this action barely falls short of the level of frivolousness which would support an award of sanctions.

---

[5]Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if a claim raises a novel or complex issue of state law, if the district court has dismissed all claims over which it has original jurisdiction, or in exceptional circumstances, there are other compelling reasons for declining jurisdiction. The court concludes that each of these circumstances is present in the instant case. Indeed, the Fifth Circuit has noted that the "general rule favor(s) dismissal of state claims when the federal claims to which they are pendent are dismissed," *see Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999), and the court concludes that it should follow the general rule in this case. The overriding factor which causes the court to reach this conclusion is the previously referenced uncertainty regarding the legal impact of § 99-3-28 and the court's conclusion that Mississippi state courts should decide this issue.

In light of the foregoing, it is ordered that defendants' motion for summary judgment [15-1] is granted. Plaintiffs' federal claims are hereby dismissed with prejudice, and plaintiffs' claims under § 99-3-28 are dismissed without prejudice.

A separate judgment will be issued this date in accordance with Fed. R. Civ. P. 58.

This is the 5th day of September, 2006.

                                            **/s/ Michael P. Mills**
                                            **UNITED STATES DISTRICT JUDGE**